## MARY KINTZEL v. HENRY D. KINTZEL.

APPEAL BY W. S. UHRICH ET AL. FROM THE COURT OF COMMON
PLEAS OF LEBANON COUNTY.

Argued February 21, 1890—Decided March 3, 1890.

Where the validity of a judgment confessed for the arrears of a dower
charge is attacked as collusive, casual declarations of the plaintiff and
the defendant, not made in the presence of each other, both parties
denying on oath that such declarations had been made, are insufficient
of themselves to establish a previous gift of the arrears to the defend-
ant, and that the judgment was therefore collusive and fraudulent.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WIL-
LIAMS and MITCHELL, JJ.

No. 240 January Term 1890, Sup. Ct.; court below, No. 42
November Term 1886, C. P.

On October 28, 1886, Mary Kintzel brought debt against
Henry D. Kintzel, her son, to recover arrears of a dower charge
in her favor upon the defendant's lands, and, on October 30th,
the defendant appeared and confessed judgment de terris,
against the lands described in the writ, for the sum of $1,802.91.
A levari facias for debt, interest and costs having issued, on
February 25, 1888, the lands were sold for the sum of $2,040.
That sum, less the costs $61.03, being $1,978.97, was paid into
court, and *Mr. George B. Schock* appointed auditor to distribute
the same.

The facts found by the auditor were as follows: Some time
in the year 1871, Henry D. Kintzel and his brother Jerome had
an amicable partition of their deceased father's real estate, the
widow, Mary Kintzel, joining therein. The deed granting and
confirming to Henry his share of the real estate contained this
charge: " Under and subject nevertheless to the payment of
the sum of eighty dollars and seventy-one cents ($80.71) on the
first day of April of each and every year, to the said Mary
Kintzel, during her natural lifetime, the first payment to be
made on April 1, 1872, and immediately after her death said
payment to cease. " This deed was dated September 30, 1871,

and recorded October 23, 1886.   None of the annual payments had been made in money to Mary Kintzel, and Henry was in possession of the real estate continuously to the time of the sheriff's sale on February 25, 1888.

The defendant had made an assignment for the benefit of his creditors, and at the time of the sheriff's sale the record dis-closed the following encumbrances, in the order of their entry :

Mortgage, Michael Uhrich (dec'd), April 4, 1876,  $1,200.00
Mortgage, J. A. Kintzel, July 27, 1878,                       800.00
Mortgage, Mary Killmer, July 31, 1878,                       300.00
Judgment, Mary Kintzel, October 30, 1886,              1,802.91

William S. Uhrich and others, administrators of Michael Uhrich, deceased, claimed that at the time the judgment against Henry D. Kintzel was confessed to Mary Kintzel, there was nothing due the plaintiff on that account, for the reason that such arrears of dower as might have existed at one time had been bestowed as a gift upon the defendant, and therefore the judgment was entered by collusion between the parties thereto, for the purpose of hindering and delaying the creditors of the defendant, and was fraudulent.

The auditor's report upon the question thus raised, was as follows :

To establish the gift or bestowal of these arrears to the de-fendant, the mortgage creditor proved that in a conversation between Mary Kintzel and Levi A. Killmer, had at or about the time when Henry Kintzel made the assignment for the benefit of creditors, she stated that knowing that Henry was unable to pay them she had bestowed the arrears to him.   He also proved that some time in the fall of 1886, Henry had made an effort to sell the real estate at public sale, or a part of it, and that it was the understanding of the parties that the proceeds were to be applied, first to the payment of the Uhrich mortgage, then to the Kintzel mortgage, and then to Killmer's as far as it would reach.   No sale of the property was made, however, at that time.   The same declarations as to a bestowal were shown to have been made by Henry, not however in the presence or hearing of Mary Kintzel.   At the time of the hearing before your auditor, both Mary Kintzel and her son Henry were called, and both denied making the statement and

denied the fact of a gift or bestowal having ever been made, but alleged that the money was due and unpaid, and the claim just. Henry qualified his denial by saying that if he ever said so it was a mistake. Upon these facts, substantially, must depend the fact of a gift of these arrears and of course the fact of collusion.

It will be noticed that, so far as the testimony shows, the plaintiff and the defendant in the judgment are never brought face to face; no conversation or agreement is shown, as between themselves, in regard to the alleged gift or bestowal. The declarations of Henry D. Kintzel, made in the absence of his mother, can only be considered to fortify and strengthen the evidence of collusion, and not to establish it in the first instance. It is only after a confederation has been shown to exist, that the declarations of alleged confederates made in the absence of the other party, can be evidence to affect the rights or interests of the absent: Confer v. McNeal, 74 Pa. 112; Price v. Junkin, 4 W. 85.

The testimony of both plaintiff and defendant, denying the fact that any gift or bestowal of the arrears had ever been made, must outweigh the plaintiff's declarations to Killmer that she had bestowed them. Supposing even that at some time prior to the confession of the judgment a gift had been intended, what would be requisite to make it valid, against subsequent protest? There could be no manual delivery of the thing to be bestowed, from its nature. No release or receipt was executed or delivered. She never even said to her son, "I make a gift of this charge to you." No declaration by one to the other; nor is there any evidence that she promised or undertook to do or not to do anything in regard to the charge, and no time is suggested when the gift was made.

In regard to the understanding that the property was to be sold at private sale and the proceeds used first to discharge the Uhrich mortgage and then the others in their order as it would reach to pay them, so far as a gift is concerned it seems to be a sufficient answer to say that it was never consummated. If the money had been raised and so appropriated there would probably be an end of it. But intending to do so did not constitute the transaction an irrevocable gift of the charge, which could be enforced against the widow by the son or his creditors.

Auditor's Report.

It is difficult to determine what is necessary, in a case like the present, to constitute a valid gift. It is argued with some show of reason that no donation in the case could have been valid without a writing of some sort. But there is no difficulty, considering all the evidence upon this branch of the case, in determining that no valid gift or bestowal of these arrears has ever been made to the son. Furthermore, the status of the contesting parties has remained unchanged. No injury has been sustained by or right accrued to either party, by reason of what has been said or done; both claims have stood open for years equally ripe for process. It is not claimed that the arrears were paid or satisfied in any other way than by gift; and if there was no valid gift, there can be no collusion in the confession of the judgment. As the claim stood open and unsatisfied, it became the duty of the defendant to pay it, and therefore his duty not to hinder and delay but rather assist the collection of it.

It is also argued that this judgment is fraudulent as against other creditors, by reason of having been confessed by an insolvent for a larger amount than is due, there being included in it the sum of $548.55 for interest on the unpaid annual charges, in the absence of a contract for the payment of interest. It will be recollected that no part of these charges were paid as they came due. The widow derived no support from her son, but advanced him money on at least several occasions. She did not live with him, nor on the premises subject to the charge. The payments were to be made on a day certain; when not so made, ordinarily they became a new principal upon which interest is properly chargeable without demand. If the property had passed into the hands of a stranger, it is clear that interest would be properly chargeable, and, as the circumstances of each particular case must govern the question as to the right to charge interest, it is not so clear that interest in this case is not a lawful charge: Hamill's App., 88 Pa. 363; West Republic M. Co. v. Jones, 108 Pa. 55; Stewart v. Martin, 2 W. 203.

But in the opinion of the auditor that question need not be decided. The question is, does its inclusion, under the circumstances, constitute the judgment fraudulent and collusive. The evidence is, that the judgment is based upon a calculation

Opinion of Court below.

as to the amount of money due, made by M. S. Thierwecher, a surveyor and scrivener. From it no fraud or collusion can be presumed. He was undoubtedly of the opinion that interest was properly allowable, and if it were necessary to go into the merits of that opinion, if it were found to be erroneous it would only establish his mistaken view of the law. The judgment is therefore on that account not fraudulent as to other creditors, and in this proceeding cannot be questioned on the ground that interest was improperly included. That mistake, if it is a mistake, could only be rectified by the proper party attacking the judgment directly: Meckley's App., 102 Pa. 536.

—The auditor, considering Meckley's App., 102 Pa. 536, and English's App., 119 Pa. 533, cited to the .contrary, ruled that he had authority to inquire into the validity of the judgment on the alleged grounds of fraud and collusion, and made a distribution awarding the fund, less the costs of audit, to the judgment of Mary Kintzel, and reported accordingly. Thereupon, William S. Uhrich and others, administrators of Michael Uhrich, filed exceptions alleging that the auditor erred:

1. In finding that the judgment confessed by Henry D. Kintzel to Mary Kintzel was not collusive and intended to delay and defraud the creditors of the said Henry D. Kintzel.

2. In rejecting the declarations of Henry D. Kintzel, made in the absence of Mary Kintzel, concerning the arrears which made up the amount of her judgment.

3. In not finding that the arrears of the annuity charged in the deed had been bestowed by Mary Kintzel to Henry D. Kintzel.

Said exceptions having been argued, the court, McPherson, J., filed the following opinion:

We agree with the auditor that no gift of the arrears was made by Mary Kintzel, and that her judgment was not collusive. As to the point which he did not decide, we think interest upon the annual charge was legally included in the judgment. Prima facie, the widow was entitled to interest: Stewart v. Martin, 2 W. 203; Addams v. Heffernan, 9 W. 529; and, while special circumstances may overthrow this presumption: Smyser v. Smyser, 3 W. & S. 437, such circumstances do not seem to be present here. The mere fact that so far as appears she did not demand payment, is not enough: Knettle v. Crouse, 6 W.

123; and we can see nothing else to raise a question as to her legal right. The case of Gaskins v. Gaskins, 17 S. & R. 390, which is said to be inconsistent with these conclusions, was decided "on its peculiar circumstances" as was said in Knettle v. Crouse, and in view of the later cases above cited cannot be generally accepted as authority. The costs, however, were properly imposed on the fund. The widow's claim was of long standing, and, under all the facts in proof, we are of opinion that the creditors had reasonable ground for the contest. The exceptions are dismissed, the report is confirmed and distribution is decreed in accordance therewith.

—Thereupon the exceptants took this appeal, assigning the order of the court dismissing the exceptions and confirming the distribution reported by the auditor for error.

*Mr. F. E. Meily* (with him *Mr. P. S. Keyser*), for the appellants.

Upon the admissibility of the admissions and declarations, counsel cited: Bredin v. Bredin, 3 Pa. 82; Confer v. McNeal, 74 Pa. 112; McKee v. Gilchrist, 3 W. 230; Rogers v. Hall, 4 W. 359; Crawford v. Ritter, 1 Penny. 29. That upon the facts in evidence, the arrears were made a gift: Smyser v. Smyser, 3 W. & S. 438; Stewart v. Martin, 2 W. 203; Bond v. Bunting, 78 Pa. 210; Malone's Est., 13 Phila. 315.

*Mr. Josiah Funck,* for the appellee, was not heard.

That the auditor had no power to pass upon the questions raised, the brief filed cited: Meckley's App., 102 Pa. 536; Peck v. Jones, 70 Pa. 83; Markley v. Stevens, 89 Pa. 279. That at all events, the evidence was insufficient to affect the judgment: Meckley's App., supra; Bergey's App., 60 Pa. 408; Campbell's Est., 7 Pa. 100; Scott v. Lauman, 104 Pa. 593; Kennedy v. Ware, 1 Pa. 445; Lyon v. Marclay, 1 W. 271; Withers v. Weaver, 10 Pa. 391; Trough's Est., 75 Pa. 115.

PER CURIAM:

The question whether the judgment No. 42 November Term 1886, confessed by Henry D. Kintzel to Mary Kintzel, was collusive, and intended to delay and defraud the creditors of said Henry, has been settled in favor of the integrity of the

Statement of Facts.

judgment by the finding of the auditor, approved by the learned court below. It needs no argument to show that the declarations of Henry D. Kintzel, made in the absence of the said Mary Kintzel, as to the consideration of the judgment, were inadmissible to affect the latter. The assignments of error do not raise any question as to interest upon the arrears of dower.

The decree is affirmed, and the appeal dismissed, at the costs of the appellants.